UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JENNIFER M.M., o.b.o. G.A.F.,[1]

                                Plaintiff,          DECISION AND ORDER
                                                  1:25-cv-03390-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In November of 2019, Plaintiff Jennifer M.M.[2] applied for Child Supplemental Security Income benefits under the Social Security Act on behalf of her son, G.A.F. ("Claimant"). The Commissioner of Social Security denied the application.  Plaintiff, represented by Severance, Burko & Spalter, P.C., Louis Ronald Burko, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

---

[1] The Clerk of Court is directed to amend the caption of this case to conform with the caption above.

[2] The names of Plaintiff and Claimant have been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

This case was referred to the undersigned on April 21, 2026.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

No. 11). For the following reasons, Plaintiff's motion is due to be denied,

and this case is dismissed.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on behalf of Claimant on November 15,

2019, alleging disability beginning on that date. (T at 108, 118, 354-63).[3]

Plaintiff's application was denied initially and on reconsideration.  She

requested a hearing before an Administrative Law Judge ("ALJ").  A

hearing was held on April 21, 2021, before ALJ Kieran McCormack. (T at

46-75).  In a decision dated December 30, 2022, the ALJ denied the

application for benefits. (T at 119-32).

Plaintiff sought review by the Social Security Appeals Council.  On

November 22, 2023, the Appeals Council granted review and remanded

the case for further proceedings. (T at 133-38).

---

[3] Citations to "T" refer to the administrative record transcript at Docket No. 10.

A second hearing was held before ALJ McCormack on April 9, 2024. (T at 76-98). Plaintiff appeared with Claimant and an attorney and testified. (T at 83-96).

### B.    ALJ's Decision

On May 16, 2024, the ALJ issued a second decision denying the application for benefits. (T at 8-26).  The ALJ noted that Claimant was a "school-age child" on November 15, 2019, when the application was filed, and remained a school-age child at the time of the decision. (T at 12).  The ALJ found that Claimant had not engaged in substantial gainful activity since the application date. (T at 12).

The ALJ found that Claimant's attention deficit hyperactivity disorder was a severe impairment as defined under the Social Security Act. (T at 12).  However, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (T at 13).  The ALJ also concluded that Claimant did not have an impairment or combination of impairments that functionally equals the severity of the Listings. (T at 13).

As such, the ALJ found that Claimant had not been under a disability, as defined under the Social Security Act, since the application date and

3

was therefore not entitled to benefits. (T at 20).  On March 6, 2025, the

Appeals Council denied Plaintiff's request for review, making the ALJ's

second decision the Commissioner's final decision. (T at 1-7).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing

a Complaint on April 24, 2025. (Docket No. 1).  On August 24, 2025,

Plaintiff filed a motion for judgment on the pleadings, supported by a brief.

(Docket No. 11).  The Commissioner interposed a brief in opposition to the

motion and in support of a competing request for judgment on the

pleadings on December 4, 2025. (Docket No. 15).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566

F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings,

which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   Standard for Disability Claims for Children

To qualify for SSI benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last

5

for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Regulations provide a three-step sequential analysis to determine whether a child is disabled and eligible for benefits. 20 C.F.R. § 416.924(a)-(d); *see Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004). First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ determines whether the child has a "medically determinable impairment(s) that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* § 416.924(c). Third, if the child has a severe impairment(s), the ALJ must then decide whether the impairment meets or "medically" or "functionally" equals a disability listed in the regulatory "Listing of Impairments." Id. § 416.924(c), (d); *see also id*. at Part 404, Subpart P, App. 1.

To demonstrate functional equivalence, the child must exhibit a "marked" limitation in two of six functional domains described in the regulations, or an "extreme" limitation in one of the domains. 20 C.F.R. § 416.926a(a) (2017); *see Pollard*, 377 F.3d at 190.

The first five domains consider the child's ability to acquire and use information, attend and complete tasks, interact and relate with others,

6

move about and manipulate objects, and care for himself. 20C.F.R. § 416.926a(b)(1)(i)-(v) (2017). The sixth domain considers the child's health and physical well-being. Id. § 416.926a(b)(1)(vi).

A child has a "marked" limitation when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R.§ 416.926a(e)(2)(i) (2017). "'Marked' limitation . . . means a limitation that is 'more than moderate' but 'less than extreme.'" Id. An "'extreme'" limitation is present when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." Id. § 416.926a(e)(3)(i).

## III.  DISCUSSION

The ALJ determined that Claimant had a marked limitation with respect to attending to and completing tasks, no limitation in health and physical well-being, and less than marked limitation in the other domains. (T at 14).

Plaintiff argues that the ALJ should have found Claimant markedly limited with respect to his ability to: (a) acquire and use information and/or (b) interact with others. Plaintiff also contends that the ALJ erred by failing to adequately develop the record.  The Court will address each argument in turn.

7

*1. Acquiring and Using Information*

In this domain, we consider how well the child acquires or learns information and how well they use the information they have learned. 20 C.F.R. § 416.926a (g)(1).

A school-age child "should be able to learn to read, write, and do math, and discuss history and science."  The child demonstrates what they have learned in academic situations by "reading about various subjects and producing oral and written projects, solving mathematical problems, taking achievement tests, doing group work, and entering into class discussions." The child uses the skills in daily living and the community by, for example, "reading street signs, telling time, and making change."

A school-age child should also be able "to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing [their] own ideas, and by understanding and responding to the opinions of others." 20 C.F.R. § 416.926a (g)(2)(iv).

The ALJ found less than marked limitation with respect to Claimant's functioning in this domain. (T at 14).

In reaching this conclusion, the ALJ relied on academic records, which showed educational progress and evidenced that Claimant made the

school honor roll. (T at 17-18, 1592, 1595, 1600, 1603, 1609, 1683, 1696, 1702, 1709, 1717, 1720, 1723, 1790, 1837, 1845, 1856, 1859, 1864, 1873, 1887, 1907).

The ALJ's determination is also supported by the medical opinion evidence.  (T at 19-20).

Dr. John Laurence Miller performed a consultative psychiatric evaluation in January of 2020.  Dr. Miller diagnosed (a) unspecified schizophrenia spectrum and other psychotic disorder and (b) ADHD, predominately hyperactive/impulsive type. (T at 727).  Dr. Miller found no evidence of limitation in Claimant's ability to ask questions; mild impairment with respect to attending to, following, and understanding age-appropriate directions; and moderate limitation as to learning in accordance with his cognitive function. (T at 726-27).  During the examination, Claimant displayed appropriate thought processes, intact and age-appropriate memory skills, average cognitive functioning, and age-appropriate insight and judgment. (T at 725-26).

Dr. C. Anderson, a non-examining State Agency review consultant, reviewed the record in February of 2020 and opined that Plaintiff had less than marked impairment in this domain. (T at 103).  Dr. A. Chapman,

another review consultant, reached the same conclusion in July of 2020. (T at 113).

Plaintiff points to evidence of limitation in Claimant's academic abilities, particularly regarding his language skills (which are weaker than his math abilities). Plaintiff also argues that the conclusion that Claimant had less than marked limitation in acquiring and using information is inconsistent with the finding that he had marked impairment with respect to attending to and completing tasks.

A "marked" limitation exists when the claimant's "impairment(s) interferes seriously with [their] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).

As outlined above, the ALJ's decision to find that Claimant had less than marked limitation in the domain of acquiring and using information is supported by a reasonable reading of the record and consistent with the medical opinion evidence. This is sufficient to sustain the decision under the deferential standard of review applicable here. *See Jolene H. o/b/o V.E.W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01498-MJR, 2022 WL 884155, at *4 (W.D.N.Y. Mar. 25, 2022)(finding that consultative examiner's assessment of moderate limitation supported ALJ's conclusion that claimant had less than marked limitation in domains of functioning); *Kelinne*

*O. o/b/o K.P.Q. v. Comm'r of Soc. Sec.*, No. 523CV00812BKSML, 2024 WL 2027907, at *4 (N.D.N.Y. Apr. 16, 2024)(same).

Moreover, Plaintiff offers no support for the conclusion that a finding of marked impairment with respect to attending and completing tasks mandates a similar finding as to acquiring and using information. Indeed, Claimant's academic records support the conclusion that he is able to make educational progress (and, indeed, achieve honor roll success) notwithstanding the impact of his ADHD on his ability to attend to, and complete, tasks. Further, Dr. Chapman assessed marked limitation in attending and completing tasks, along with less than marked impairment acquiring and using information. (T at 113-14).

### B. Interacting With Others

In this domain, we consider how well the child can "initiate and sustain emotional connections with others, develop and use the language of [her[ community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i).

A school-age child is expected to "develop more lasting friendships with children who are [their] age … begin to understand how to work in groups to create projects and solve problems … have an increasing ability

11

to understand another's point of view and to tolerate differences … be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand." 20 C.F.R. § 416.926a(i)(2)(iv).

The ALJ determined that Claimant had less than a marked limitation in this domain. (T at 14).

This conclusion is supported by a reasonable reading of the record, which evidences that Claimant had friends, could cooperate with others, and was generally well-behaved. (T at 18, 604, 966, 1281, 1309, 1526, 1535, 1544, 1552-53, 1556, 1565, 1572, 1586, 1613, 1619, 1632, 1644, 1648, 1666, 1686, 1696, 1720, 1729, 1766, 1837, 1842).  Claimant was consistently described as cooperative and appropriate during visits with his medical providers. (T at 18, 946-48, 1342, 1350, 1366, 1402, 1418, 1437, 1446, 1455, 1461, 1478, 1491, 1507, 1528, 1546, 1562, 1597, 1615, 1625, 1638, 1654, 1668, 1714, 1761, 1781, 1797, 1823, 1839, 1870).

In addition, once again, the ALJ's assessment is supported by the medical opinion evidence.  Dr. Miller found no limitation in Claimant's ability to interact adequately with peers and only moderate impairment as to interacting adequately with adults. (T at 726-27).  Dr. Anderson and Dr.

Chapman both assessed less than marked limitation in this domain. (T at 103, 114).

As noted above, "marked" limitation exists when the claimant's "impairment(s) interferes seriously with [their] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).  The Court finds the above-referenced evidence more than sufficient to support the ALJ's decision to find less than a marked limitation as to Claimant's functioning in this domain.

### C.   Duty to Develop the Record

Plaintiff also argues that the ALJ should have further developed the record by ordering an updated consultative examination.  Dr. Miller conducted his examination in January of 2020, more than four years before the ALJ's decision.

While "the mere passage of time" does not cause a medical opinion to "expire," a "medical opinion may be stale if subsequent treatment notes indicate a claimant's condition has deteriorated." *Gina D. v. Comm'r of Soc. Sec.*, No. 1:19-CV-01241 (JJM), 2021 WL 1117023, at *4 (W.D.N.Y. Mar. 24, 2021)(citations omitted)(collecting cases).

Notably, here, the record after Dr. Miller's examination generally showed improvement in Plaintiff's functioning, rather than deterioration.

Moreover, Plaintiff's counsel told the ALJ that the record was complete at the conclusion of the April 2024 administrative hearing. (T at 81). *See Curley v. Comm'r of Soc. Sec. Admin*., 808 F. App'x 41, 44 (2d Cir. 2020)("Although Curley argues that the ALJ should have obtained a medical opinion … from one of Curley's providers, Curley does not explain why neither he nor his counsel requested such an opinion."); *see also Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005); *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012).  For these reasons, the ALJ did not breach his duty to develop the record.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: May 15, 2026                    *s/ Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge

14